**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SHUWONDER M. WINTERS** **PLAINTIFF**

**v.** **CIVIL ACTION NO.: 4:25-cv-100-DMB-JMV**

**COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

**ORDER REQUIRING PLAINTIFF TO FILE A REPLY IN SUPPORT OF MOTION FOR FEES**

Before the Court is Plaintiff's counsel's Petition for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1). [Doc. 23]. This matter has been assigned to the undersigned United States Magistrate Judge for issuance of a report and recommendations. Having considered the motion, the undersigned will require Plaintiff to file a reply in support of her motion for fees no later than October 13, 2026.

On June 30, 2025, Shuwonder M. Winters filed a Social Security appeal in this Court to challenge the Commissioner's decision denying her applications for Supplemental Security Income and Disability Insurance Benefits. [Doc. 1]. On November 25, 2025, this Court granted Defendant's motion to remand to the Social Security Administration for further proceedings. [Doc. 14]. Thus, Plaintiff's counsel brought an Unopposed Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [Doc. 18]. On March 10, 2026, the undersigned recommended granting the unopposed motion for fees in part and denying in part. [Doc. 21]. The undersigned recommended granting the requested EAJA fees in the amount of $5,925.83, but found that payment should be made to Plaintiff instead of her attorney. The Chief District Judge entered an order adopting the undersigned's report and recommendations on March 27, 2026 [Doc. 22], and granted the requested amount of $5,925.83 in EAJA attorney's fees.

On July 20, 2026, Plaintiff prevailed before the Social Security Administration, receiving an award of $65,402.00 in past-due benefits. [Doc. 23]. Thereafter, Plaintiff's counsel filed the instant Petition for Attorney's Fees, requesting $16,350.50 pursuant to § 406(b)(1) and pursuant to the contingency fee agreement between Plaintiff and her counsel. [Doc. 23]. The Commissioner responded, neither supporting nor opposing the petition. [Doc. 24].

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney's fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney's fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). Section 406(b), however, "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 806-07. Nevertheless, agreements that provide for fees exceeding 25 percent of past-due benefits are unenforceable. *Id.* But even when contingency fee agreements are within the statutory ceiling, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. An

attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fee to the claimant. *Id.* at 796.

Here, Plaintiff's counsel requests authorization for payment of $16,350.50 from monies withheld by the Agency from her past-due benefits. The motion requests that payment be made to Meredith E. Marcus—an individual who is not the attorney of record on this matter and whose name does not appear on the billable hours log submitted in support of the motion. *See* [Doc. 23] at 5.

Plaintiff's counsel avers that "The de facto rate for representing Plaintiff in the civil action is $614.68 an hour for 26.6 hours." [Doc. 23] at 4. However, as Plaintiff's counsel was previously made aware in an Order from this Court on August 14, 2026, in another case, "Courts in the Fifth Circuit typically use only the attorney's billed hours when looking at effective hourly rate as a tool to analyze reasonableness of fee awards." *Cannon v. Comm'r of Soc. Sec.*, No. 3:24-CV-58-JMV, 2026 WL 2365075, at *2 n.2 (N.D. Miss. Aug. 14, 2026), citing *Moreno v. Kijakazi*, No. 1-21-CV-00814-RP, 2024 WL 1207159, at *3 (W.D. Tex. Feb. 28, 2024), *report and recommendation adopted*, No. 1:21-CV-814-RP, 2024 WL 1200961 (W.D. Tex. Mar. 20, 2024).

Accordingly, the correct rate in this case for the Court's consideration is $743.20 ($16,350.50 divided by 22 hours of attorney work). While similar hourly rates have been approved in the Fifth Circuit, *see Amanda P. v. Comm'r, Soc. Sec. Admin.*, No. 3:22-CV-1018-X-BK, 2025 WL 2831956, at *3 (N.D. Tex. Sept. 5, 2025), *report and recommendation adopted sub nom. Preston v. Comm'r, Soc. Sec. Admin.*, No. 3:22-CV-1018-X-BK, 2025 WL 2831178 (N.D. Tex. Oct. 6, 2025) (approving $743.36 hourly rate), here, the Court's concern is that the attorney of record who is requesting the fee is not the attorney who performed the work.

According to Exhibit D of the instant motion, the attorney of record, Hannalore Merritt, who is admitted to practice before this Court and has entered her appearance in this matter, performed 0.1 hour of work, described as "confer with DS[1] regarding consent" on November 25, 2025. [Doc. 23] at Ex. D. The bulk of the attorney work performed on this matter, totaling 21.75 hours, was performed by Stephen Sloan. *Id.* According to the billable hours log, Mr. Sloan appears to have been solely responsible for drafting the brief in this matter that precipitated the Commissioner filing a Consent Motion to Remand on November 18, 2025. [Doc. 12]. Furthermore, according to the billable hours log, on October 27, 2025, Mr. Sloan used the attorney of record, Hannalore Merritt's, ECF login to file the brief. *See* Ex. D. ("review, make final edits, submit via ECF"). According to this Court's Administrative Procedures for Electronic Case Filing, "Only attorneys admitted to practice in this court, including attorneys admitted under the pro hac vice provisions of the local rules of this district, may register as ECF Filing Users. No other person may register as an ECF Filing User." Section II., A. Further, the rules specifically state that "Each attorney in a law firm must register individually." Section II., B., 1. The rules also provide that "Attorneys must not allow other attorneys to use their login and password for any ECF filing." Section II., C.

In support of the motion for fees, Ms. Merritt submitted the qualifications of Mr. Sloan as follows:

> As to character of representation, primary briefing attorney Stephen Sloan has been practicing Social Security law since 2014, first as a law clerk and then as an attorney beginning in 2015. He has served as the primary brief writer in well over a hundred federal court cases in a multitude of district courts across the country, as well as the Sixth, Seventh and Ninth Appellate Courts, including drafting and arguing *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742 (6th Cir. 2018) at the Sixth Circuit. Mr. Sloan has also represented claimants in hundreds of administrative hearings and has lectured for the Chicago Bar Association, National Association of Disability Representatives, National Business Institute, and the National Organization of

[1] DS appears to stand for David Solomonik, the paralegal.

> Social Security Representatives on Social Security matters. He is a recent former chair of the Social Security Disability Committee for the Chicago Bar Association for 2019-2020, was named a Rising Star for 2019-2024 Super Lawyer.

[Doc. 23] at n.1.

Thus, Plaintiff asks the Court to consider Sloan's qualifications in this Section 406(b) motion when he is not licensed to practice before this Court, not licensed to practice in the State of Mississippi, and did not file a motion to appear *pro hac vice* in this matter. Some courts have permitted someone who is strictly a "brief writer" to recover fees. *See Priestley v. Astrue*, 651 F.3d 410, 417 (4th Cir. 2011) ("Indeed, their role was quite limited. Martin and Naides never physically appeared in court or before the judge; they never filed a brief or paper in the court; they never communicated with opposing counsel; they never even communicated with the plaintiffs; their work agreement was with McChesney, a member of the district court bar, and not with the plaintiffs; and they prepared only drafts of briefs and papers which they then submitted to McChesney for editing, signing, and filing with the court."); *Kham Singmoungthong v. Astrue*, No. 1:09CV1328 DLB, 2011 WL 2746711, at *9 (E.D. Cal. July 13, 2011). However, here, according to the billable hours log, Sloan was the one who "inform[ed] claimant of acceptance." *See* [Doc. 23] at Ex. D. And according to the log, not only did Sloan draft the brief, but he is also the attorney who reviewed it, made final edits, and submitted it via ECF using Ms. Merritt's login. *See id.* The Court also has concerns that this conduct may exceed the conduct permitted by Mississippi Rule of Professional Conduct 5.5. *See* Cmts. 10-11.

Accordingly, Plaintiff is directed to file a reply in support of the instant motion for Section 406(b) fees providing the Court with authority for her argument that fees should be awarded under these circumstances. Plaintiff's reply adequately addressing the Court's concerns raised herein shall be filed no later than October 13, 2026.

SO ORDERED, this, the 6th day of October, 2026.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**